J-S22028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| DANIEL NELSON THOMAS | |
| Appellee | No. 1730 MDA 2016 |

Appeal from the Order Entered September 23, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000557-2016

BEFORE: SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED SEPTEMBER 15, 2017**

The Commonwealth appeals from the September 23, 2016 order entered in the Adams County Court of Common Pleas granting Daniel Nelson Thomas' motion to suppress blood test results.[1] We affirm.

In March 2016, Thomas was charged with driving under the influence of alcohol ("DUI")–general impairment and DUI–high rate.[2] On July 18,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In its notice of appeal, the Commonwealth certified that the trial court's order granting Thomas' motion to suppress terminates or substantially handicaps the prosecution. **See** Pa.R.A.P. 311(d) (permitting interlocutory appeal where Commonwealth certifies with its notice of appeal that order terminates or substantially handicaps prosecution). Thus, the appeal is properly before us. **See Commonwealth v. Ivy**, 146 A.3d 241, 244 n.2 (Pa.Super. 2016).

[2] 75 Pa.C.S. §§ 3802(a)(1) and (b), respectively.

2016, Thomas filed a motion to suppress evidence of blood test results. In lieu of a hearing, the parties submitted the following stipulated facts:

1. On March 20, 2016, at approximately 1:26 a.m., [Thomas] was involved in a two-vehicle accident in Gettysburg Borough, Adams County, Pennsylvania.

2. Officer Michael Carricato arrived at the scene and determined that [Thomas] was the driver of one of the vehicles involved in the accident.

3. As a result of Officer Carricato's observations, [Thomas] was placed under arrest for driving under the influence.

4. [Thomas] was transported to Gettysburg Hospital for a blood draw.

5. After being read the then-existing DL-26 form, [Thomas] consented to have his blood drawn for testing.

6. The form read to [Thomas] included language that [Thomas] could face enhanced criminal penalties if he refused to submit to a blood draw.

7. [Thomas'] blood was later tested and a result of .128 blood alcohol content was received.

Stipulated Facts, 9/21/16. On September 23, 2016, the trial court granted the motion, finding that Thomas did not voluntarily consent to the blood draw and that the results of the blood test were inadmissible. On October 14, 2016, the Commonwealth filed a timely notice of appeal.

The Commonwealth raises the following issue on appeal: "Did the Honorable Suppression Court err in applying the exclusionary rule and suppressing the results of [Thomas'] blood draw when a good faith exception to the rule should have been applied?" Cmwlth.'s Br. at 4. The Commonwealth does not argue that the trial court erred in finding Thomas's

consent to the blood draw involuntary following ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016). Rather, it argues that this Court should recognize "a limited good faith exception [to the exclusionary rule] in the wake of ***Birchfield***." Cmwlth.'s Br. at 16. The Commonwealth argues that we should apply the good-faith exception because the exclusionary rule's deterrent effect is not furthered by application in this case, noting that the implied-consent law relied on by the police officers had previously been upheld. ***Id.*** at 9-15.

The Pennsylvania Supreme Court has explained the exclusionary rule and the good-faith exception to that rule as follows:

> The established remedy for illegal seizures and searches, in criminal cases, is exclusion of the fruits of the illegal police conduct—under both the Fourth Amendment and under Article I, Section 8. That general rule of exclusion, of course, is subject to numerous exceptions. The U.S. Supreme Court recognized a new such exception to the Fourth Amendment's exclusionary rule in ***United States v. Leon***, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). ***Leon*** held that, where a police officer conducts a search in objective good faith reliance upon a search warrant duly issued by a magistrate or judge, the Fourth Amendment does not require exclusion of evidence found pursuant to the warrant, even if it is later determined that there was no probable cause for the warrant to issue. 468 U.S. at 926, 104 S.Ct. 3405. The High Court considered that the deterrence goal of the federal exclusionary rule based on the Fourth Amendment would not be served by applying it in circumstances where officers have properly relied on a subsequently invalidated search warrant. ***Id.***

***Commonwealth v. Johnson***, 86 A.3d 182, 187-88 (Pa. 2014). The Pennsylvania Supreme Court, however, has determined that Article I,

Section 8 of the Pennsylvania Constitution does not contemplate a good-faith exception to the exclusionary rule, concluding that the Pennsylvania Constitution provides greater protection for individual privacy interests than does the Fourth Amendment. *Commonwealth v. Edmunds*, 586 A.2d 887, 899, 906 (Pa. 1991); *accord Commonwealth v. Myers*, ___ A.3d ____, 2017 WL 3045867, at *10 n.16 (Pa. July 19, 2017) (discussing *Birchfield* and decisions from other jurisdictions, and noting that "Pennsylvania law does not recognize a good-faith exception to the exclusionary rule"); *Commonwealth v. Hopkins*, ___ A.3d ____, 2017 WL 2822511, at *1, 9 (Pa. June 30, 2017) (concluding trial court properly suppressed evidence because there is no good-faith exception to exclusionary rule in case where "information contained in the affidavit in support of probable cause is later determined to be demonstrably untrue, despite the absence of any showing of police misconduct");[3] *Johnson*, 86 A.3d at 188 (noting that Pennsylvania

_____

[3] *Hopkins* was decided by an evenly divided court. The opinion in support of affirmance based its decision to affirm the order suppressing the evidence "upon [the Pennsylvania Supreme Court's] historical rejection of a 'good faith' exception to the exclusionary rule." 2017 WL 2822511, at *1 (Donohue, J., joined by Baer and Dougherty, JJ.). The opinion in support of reversal found the "good-faith 'exception' to the exclusionary rule" was not implicated, concluding that:

> [T]he salient issue, in my view, is whether the search warrant was valid and, thus, whether the exclusionary rule applies in the first instance. As I would find that the warrant was supported by probable cause as constitutionally required—and was therefore valid—I would

*(Footnote Continued Next Page)*

- 4 -

Supreme Court's rejection of good-faith exception in "*Edmunds* turned on a determination that, under Article I, Section 8, the exclusionary rule in Pennsylvania serves other values besides deterrence; it also vindicates an individual's right to privacy"). Based on this Supreme Court precedent, we decline the Commonwealth's invitation to establish a good-faith exception for post-*Birchfield* cases.

Accordingly, because Pennsylvania does not recognize the good-faith exception to the exclusionary rule, we conclude that the Commonwealth's claim lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017

---

*(Footnote Continued)* ——————————

> conclude that the evidence should not have been suppressed.

*Id.* at *9 (Pa. Jun 30, 2017) (Saylor, C.J., joined by Todd and Mundy, JJ.).